IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| ANTHONY REA RUIZ | § | |
| | § | |
| v. | § | Civil No. 4:22-cv-764 |
| | § | Criminal No. 4:19-cr-266(01) |
| UNITED STATES OF AMERICA | § | |

**GOVERNMENT'S RESPONSE TO SECTION 2255 MOTION**

Anthony Rea Ruiz has filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, making numerous claims of ineffective assistance of counsel. These claims are not supported by the record and are otherwise without merit.

**Facts and Proceedings**

In September 2019, the DEA began investigating a drug trafficking organization that was responsible for distributing large amounts of methamphetamine and operating in Houston and Dallas, Texas.[1] Criminal ECF Doc. 64 (PSR) ¶ 7. On September 18, 2019, a cooperating source (CS) made a call to a methamphetamine source of supply (SOS) in Houston. PSR ¶ 8. They agreed to complete a transaction involving 9 kilograms of methamphetamine for $40,500 in U.S. Currency. *Id*. The SOS advised the CS that a courier, later identified as Ruiz, would transport the methamphetamine from Houston to Dallas. *Id*. Ruiz contacted the CS, and they agreed to meet at a gas station in McKinney. *Id*.

---

[1] Documents in criminal case No. 4:19-cr-266(01) are referred to by "Criminal ECF" and document number. Documents in civil case No. 4:22-cv-764 are referred to by "2255 ECF" and document number.

The DEA and McKinney Police Department established surveillance at the location. PSR ¶ 9. Ruiz arrived at the gas station and contacted the CS. *Id*. Ruiz exited his vehicle, removed a duffle bag from the trunk, and placed it in his backseat. *Id*. Ruiz showed the CS the contents of the bag which appeared to methamphetamine. *Id*. The CS asked Ruiz to follow him/her to a different location. *Id.*

While in route to the second location, a traffic stop was conducted on Ruiz's vehicle. *Id*. Officers encountered Ruiz and Jennifer Lynn Culpepper. *Id*. A canine officer alerted to the presence of narcotics in the vehicle and approximately 10 kilograms of methamphetamine was seized. *Id*. According to a DEA laboratory report, Ruiz and Culpepper possessed 9.99 kilograms of "Ice." *Id*.

On October 8, 2019, a grand jury named Ruiz and Culpepper in a one-count indictment that charged them with conspiracy to possess with the intent to manufacture and distribute 500 grams or more of methamphetamine or 50 grams or more of methamphetamine (actual), in violation of 21 U.S.C. § 846. Criminal ECF Doc. 3.

On January 30, 2020, Ruiz entered a plea of guilty to Count One of the indictment pursuant to a written plea agreement. Criminal ECF Doc. 45. Before sentencing, the PSR calculated Ruiz's guideline sentencing range to be 292-365 months' imprisonment. PSR ¶ 57. On August 21, 2020, the Court sentenced Ruiz to 292 months. Criminal ECF Doc. 73. Ruiz filed a notice of appeal, and on June 8, 2021, the Fifth Circuit dismissed his appeal as frivolous. *United States v. Ruiz*, 849 F. App'x 496 (5th Cir. 2021) (unpublished). Ruiz filed the pending motion on September 6, 2022. Criminal ECF. Doc. 142; 2255 ECF Doc. 1.

## Section 2255 Legal Standards

Under 28 U.S.C. § 2255, a prisoner may move the convicting court to vacate, set aside, or correct his conviction or sentence. The statute provides four grounds for relief: "(1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is 'otherwise subject to collateral attack.'" *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996) (citation omitted).

"It has, of course, long been settled law that an error that may justify reversal on direct appeal will not necessarily support a collateral attack on a final judgment." *United States v. Addonizio*, 442 U.S. 178, 184 (1979). "Section 2255 does not offer recourse to all who suffer trial errors." *United States v. Capua*, 656 F.2d 1033, 1037 (5th Cir. Unit A 1981). It may also "not do service for an appeal." *United States v. Frady*, 456 U.S. 152, 165 (1982). After conviction and the exhaustion or waiver of all appeals, the Court is "entitled to presume" that the prisoner "stands fairly and finally convicted." *Id.* at 164.

## Ineffective Counsel Standards

To obtain reversal of a conviction based on ineffective assistance of counsel, a convicted defendant must show that the attorney's performance was deficient and that the deficient performance prejudiced the defense so as to deprive the defendant of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The proper standard for judging the performance of an attorney is that of reasonably effective assistance considering all of the circumstances. *Id*. at 688. "When a convicted defendant complains of ineffective

assistance of counsel, the defendant must show that counsel's representation fell below an objective standard of reasonableness." *Id*. Judicial scrutiny of counsel's assistance must be "highly deferential," and "a fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight." *Id*. at 689. A court must employ a strong presumption that counsel's conduct falls within a wide range of reasonably professional assistance. *Id*. at 690. The proper prejudice standard requires the defendant to show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694.

Conclusory statements by a defendant are not enough to sustain a claim of ineffective counsel. *Sayre v. Anderson*, 238 F.3d 631, 635-36 (5th Cir. 2001). The allegations of ineffective counsel must be supported by the record. *United States v. Johnson*, 679 F.2d 54, 58-59 (5th Cir. 1982). Counsel is not ineffective for failing to press a frivolous point, *Sones v. Hargett*, 61 F.3d 410, 420-21 (5th Cir. 1995), or even a non-frivolous one that merely lacks merit, *United States v. Slape*, 44 F.4th 356, 359-60 (5th Cir. 2022).

## Discussion

Ruiz claims that, at the pretrial stage, his counsel (1) failed to communicate with him about the consequences of pleading guilty; (2) failed to conduct a pretrial investigation; and (3) failed to negotiate a favorable plea agreement. 2255 ECF Doc. 1 at 14. Ruiz further claims that, at the sentencing stage, his counsel (1) failed to properly explain the PSR; (2) failed to file objections to the PSR; and (3) failed to make any argument in mitigation or objection to his sentence as being substantively unreasonable.

2255 ECF Doc. 1 at 34.

### A. Ruiz's claim that his counsel failed to communicate to him the consequences of and alternatives to pleading guilty is not supported by the record.

Ruiz claims that his counsel failed to "reasonably" consult with him about any other "process" other than pleading guilty. 2255 ECF Doc. 1 at 27. According to Ruiz, he was coerced into pleading guilty because his attorney never discussed the option of going to trial. 2255 ECF Doc.1 at 28.

Solemn declarations in open court carry a strong presumption of verity. *United States v. Palacios*, 928 F.3d 450, 455 (5th Cir. 2019). To establish that he received ineffective assistance of counsel in connection with entry of a guilty plea, the defendant must establish that his counsel was deficient, and but for this deficiency, he would not have entered a plea of guilty. *Del Toro v. Quarterman*, 498 F.3d 486, 490 (5th Cir. 2007). "A defense attorney should make informed predictions about the consequences of either pleading guilty or going to trial." *United States v. Cothran*, 302 F.3d 279, 284 (5th Cir. 2002). A counsel's stern warning that the defendant would lose at trial does not compromise the voluntariness of the defendant's plea. *Id.*

A claim that a defendant's guilty plea was coerced requires proof that an actual threat was made by showing the exact terms of the alleged threat, and exactly when, where, and by whom such threat was made. *Deville v. Whitley*, 21 F.3d 654, 658 (5th Cir. 1994) (petitioner alleged that his counsel threatened to withdraw if he did not plead guilty). The defendant has the further burden of showing the precise identity of an eyewitness to the threat. *Id.*

In the plea agreement, signed by Ruiz, he stipulated to the following about his counsel:

> Representation of Counsel: The defendant has thoroughly reviewed all legal and factual aspects of this case with defense counsel and is fully satisfied with defense counsel s legal representation. The defendant has received satisfactory explanations from defense counsel concerning each paragraph of this plea agreement, each of the defendant s rights affected thereby, **and the alternatives to entering a guilty plea**. After conferring with counsel, the defendant concedes guilt and has concluded that it is in the defendant's best interest to enter this agreement rather than proceeding to trial.

Criminal ECF Doc. 47 at 6 (emphasis added).

Additionally, at the change of plea hearing, Ruiz stated the following about his discussions with counsel:

> THE COURT:  Have you also had a full and fair opportunity to talk to your lawyer about the facts of your case, all the discovery in your case, and any defenses you might have to this particular charge?
>
> THE DEFENDANT:  Yes, ma'am.
>
> THE COURT:  And you -- following all those communications with your counsel, sir, are you fully satisfied with the representation and the advice that you've received in connection with your case as well as in connection with your decision to enter into a plea here today to Count 1?
>
> THE DEFENDANT:  Yes, ma'am.
>
> ***
>
> THE COURT: Did you read this plea agreement in its entirety before you signed it?
>
> THE DEFENDANT: Yes, ma'am.

**Response to Section 2255 Motion-Page 6**

>THE COURT: Did you talk with your lawyer about each and every one of the paragraphs in this document before you signed it?
>
>THE DEFENDANT: Yes, ma'am.

Criminal ECF Doc.112 at 9, 13.

Having sworn that his counsel communicated with him, including about his plea agreement, and having also sworn that he was satisfied with counsel's performance, Ruiz is in no position to say the opposite now. *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998) (a defendant "ordinarily will not be heard to refute" the sworn testimony that he earlier gave at a plea hearing); *see Palacios*, 928 F.3d at 455. Moreover, Ruiz cannot show prejudice from his decision to enter a guilty plea. The PSR stated that instead of the range of 292-365 months' imprisonment that Ruiz faced based on his plea, he would have faced 360 months to life had he proceeded to trial and lost. PSR ¶ 58. And because the proof of guilt was overwhelming, there is no reason to think that Ruiz would have been *acquitted* if he had gone to trial.

Finally, Ruiz does not point to any hard evidence that his plea was coerced. To the contrary, he stated in open court that his plea was entirely voluntary. Criminal ECF Doc. 112 at 18. Based on the above, the record does not support Ruiz's claim that his counsel coerced his plea and did not reasonably consult with him about it. Nor, in any event, would the record support a claim of prejudice.

**B.     Ruiz's claim that his counsel failed to conduct a pre-trial investigation is without merit.**

Ruiz claims that his counsel failed to conduct any pretrial investigation other than

reviewing the government case file. Additionally, Ruiz claims that his counsel should have hired an investigator to "piece evidence together" in support of Ruiz. 2255 ECF doc. 1 at 29.

Defense counsel has a duty to make a reasonable investigation or to make a reasonable decision that make a particular investigation is unnecessary. *Woodfox v. Cain*, 609 F.3d 774, 806 (5th Cir. 2010). Any decision by counsel not to investigate is assessed for reasonableness in the context of an ineffective assistance claim under all the circumstances, with a heavy measure of deference to counsel's judgment. *Id*. In assessing counsel's investigation, a court must conduct an objective review of their performance, measured for reasonableness under prevailing professional norms. *Id*. This includes context-dependent consideration of the challenged conduct as seen from counsel's perspective at the time. *Id*. The reasonableness of an investigation involves not only the amount of evidence already known to counsel, but also whether the known evidence would have led a reasonable attorney to investigate further. *Id*. The decision to not hire an independent investigator is also reviewed for reasonableness. *Bauer v. Quaterman*, 497 F.3d 459, 470 (5th Cir, 2007).

When the defendant has given counsel good reason to believe that pursuing certain investigations would be fruitless or even harmful, counsel's failure to pursue those investigations may not later be challenged as unreasonable. *Wilkerson v. Collins*, 950 F.2d 1054, 1065 (5th Cir. 1992). Where the evidence against the defendant is overwhelming, counsel might rightly conclude that his time was better spent in legal research rather that in fruitless legwork. *Wilkerson v. United States*, 591 F.2d 1046, 1047

**Response to Section 2255 Motion-Page 8**

(5th Cir. 1979). A defendant who alleges a failure to investigate his case on the part of his trial counsel must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the trial. *Gregory v. Taylor*, 601 F.3d 347, 354 (5th Cir. 2010).

Ruiz does not point to what evidence his counsel would have discovered by further investigation. Likewise, he does not point to any evidence that would have been discovered by an independent investigator. Finally, given the straightforward and overwhelming facts of Ruiz's guilt, counsel for Ruiz cannot be held to be ineffective for not spending the extra time and expense to conduct any further investigation. This claim is without merit.

**C.    Ruiz's claim that his counsel failed to negotiate a more favorable plea deal is without merit.**

Ruiz claims that he was persuaded to accept the government's plea offer based on his counsel alleged assessment that he would only receive a sentence of five to eight years' imprisonment. 2255 ECF Doc. 1 at 32.

A defendant cannot show prejudice due to defense counsel's failure to negotiate plea bargain when the defendant fails to establish that the government would have offered a plea bargain, even if defendant had pursued one. *Ward v. Dretke*, 116 F. App'x 487, 491-92 (5th Cir. 2004).

A guilty plea may be invalid if induced by unkept promises from counsel. *Cervantes*, 132 F.3d at 1110. A defendant moving to vacate his sentence may seek relief on the basis that—though inconsistent with his representations in open court when

entering his plea—he relied on promises from his counsel by proving (1) exact terms of the alleged promise; (2) exactly when, where, and by whom the promise was made; and (3) the precise identity of an eyewitness to the promise. *Id.* If the defendant produces independent indicia of the likely merit of his allegations, typically in the form of one or more affidavits from reliable third parties, he is entitled to an evidentiary hearing on the issue. *Id.* However, if his showing is inconsistent with the bulk of his conduct or otherwise fails to meet the burden of proof in the light of other evidence in the record, an evidentiary hearing is unnecessary. *Id.* The defendant is not entitled to an evidentiary hearing on a claim that his counsel induced him to plead guilty based on misrepresentations regarding the sentence he would receive when the plea agreement and the plea colloquy expressly contradict the existence of any promises or agreements not contained in the plea agreement. *Id.*

At the change of plea hearing, Ruiz stipulated to the following about the potential sentence he might receive:

> THE COURT: In addition, the Government advised you here today of the full range of penalties and consequences associated with this charge.
>
> Do you understand the full range of penalties and consequences associated with this charge?
>
> THE DEFENDANT: Yes, ma'am.
>
> ***
>
> THE COURT: And do you fully understand that, following the entry of your plea here today, you will be subject to that range of penalties and consequences?

**Response to Section 2255 Motion-Page 10**

        THE DEFENDANT:  Yes, ma'am.

***

        THE COURT:  Do you also understand that the guideline range for your particular case is not able to be determined until after completion of your written presentence report?

        THE DEFENDANT:  Yes, ma'am.

        THE COURT:  And so for that reason, any estimate that you have been given by your lawyer, by the Government, by anyone about where you might fall on the guidelines -- all that is an estimate.

        Do you understand?

        THE DEFENDANT:  Yes, ma'am.

Criminal ECF Doc. 112 at 11-13.

Ruiz does not point to any evidence that his counsel promised him a sentence of five to eight years' imprisonment. The record shows that he understood that any estimate of his potential sentencing exposure could not be completely relied upon. Finally, as shown above, Ruiz benefited from his plea deal by receiving a guideline sentencing range that was less than it would have been had he proceeded to trial and lost. PSR ¶ 58. This claim is without merit.

**D.**      **Ruiz's claim that his counsel failed to explain the pre-sentence report is not supported by the record.**

Ruiz claims that his counsel failed to properly review the PSR with him prior to sentencing. 2255 ECF Doc. 1 at 34-35. According to Ruiz, his counsel failed to explain the PSR well enough so he could understand the "sentencing calculations." *Id*.

Ruiz does not point to any evidence to show he did not understand how his sentence was calculated. He was given ample time to address the Court when he was sentenced and failed to raise the issue. Criminal ECF Doc. 94 at 14-15. Finally, at the change of plea hearing, Ruiz stipulated that he fully understood the sentencing guidelines after having discussed them with his counsel. Criminal ECF Doc. 112 at 12. This claim is without merit.

### E. Ruiz's claim that his counsel failed to make objections to the PSR is without merit.

Ruiz claims that his counsel should have objected to the drug amount for which he was held responsible. 2255 ECF Doc. 1 at 35. According to Ruiz, had he proceeded to trial, there was no evidence to show he was responsible for 4.5 kilograms of methamphetamine (actual). *Id*.

A defendant cannot show ineffectiveness by making conclusory allegations that counsel failed to file motions, make objections, or follow the defendant's instructions. *United States v. Demik*, 489 F.3d 644, 647 (5th Cir. 2007). The defendant must allege what actions his counsel should have taken and how they would have affected the outcome of the case. *Id*.

Here, the PSR held Ruiz responsible for the 4.5 kilograms of methamphetamine (actual) that he stipulated to during the plea hearing. PSR ¶ 16; Criminal ECF Doc. 112 at 20-21. According to the PSR, this was consistent with the 9.99 kilograms of "Ice" found on Ruiz at the time of his arrest. PSR ¶ 16. As a result, any objection on the part of his counsel would have been frivolous, and this claim is without merit.

### F. Ruiz's claim that his counsel failed to argue that he was only a minor participant in the conspiracy is without merit.

Ruiz claims he was only a minor participant in the conspiracy and was entitled to "a minor role adjustment" to his offense level. 2255 ECF Doc. 1 at 36. Therefore, he says, his counsel was deficient for not making that argument. *Id*.

A sentence reduction for being a minor or minimal participant in a conspiracy only applies when a defendant is substantially less culpable than the average participant in the conspiracy. *United States v. Villanueva*, 408 F.3d 193, 203-24 (5th Cir. 2005). A sentence reduction is available in a conspiracy for a defendant who is only held responsible for the conduct to which he is was personally involved. *Id*. However, a defendant must have been on the periphery to the advancement of the criminal activity, and it is not enough to do less than the other participants in the conspiracy. *Id*. at 204. A defendant cannot merely show that he was less involved than other participants; instead, he must show that he was "peripheral to the advancement of the criminal activity." *United States v. Martinez–Larraga*, 517 F.3d 258, 272 (5th Cir. 2008).

A defendant who participates in a drug conspiracy is accountable for the quantity of drugs that is attributable to the conspiracy and reasonably foreseeable to the defendant. *United States v. Castillo*, 77 F.3d 1480, 1494 (5th Cir. 1996). In sentencing for a drug conspiracy, the district court must make a finding of the quantity of drugs attributable to the entire criminal enterprise and the quantity that each defendant knew or should have known was involved in the conspiracy. *Id*. The discretion of the court in this area is not dependent on a strict quantitative analysis; rather, it is exercised in light of the totality of

the evidence. *Burton v. United States*, 237 F.3d 490, 503 (5th Cir. 2000) (a defendant involved in only three or four drug deliveries was not merely peripheral to the advancement of illegal activity).

A defendant's role in the conspiracy "turns upon culpability, not courier status." *United States v. Buenrostro*, 868 F.2d 135, 138 (5th Cir. 1989). A court should consider the scope of the defendant's role in the larger picture of the drug conspiracy. *Id.* The burden is on the defendant to establish his entitlement to the reduction by a preponderance of the evidence. *Burton*, 237 F.3d at 503.

In the plea agreement, Ruiz agreed that he did not qualify for a minor-role reduction. Criminal ECF Doc. 47 at 3. Additionally, Ruiz does not point to any evidence that he played a minor role. To the contrary, the PSR states that there is no indication that Ruiz was working under the direction of another. PSR ¶ 19. Consequently, there was no information with sufficient indicia of reliability that would support a downward adjustment. *Id*. Any objection on the part of his counsel would have been frivolous.

**G.     Ruiz's claim that his counsel failed to argue for a lesser sentence or argue that his sentence was substantively unreasonable is without merit.**

  **1.  Ruiz's claim that his counsel didn't advocate for a lesser sentence is not supported by the record.**

At the sentencing hearing, counsel for Ruiz specifically asked the Court to impose a sentence of only 10-15 months' imprisonment. Criminal ECF Doc. 94 at 7. Additionally, counsel for Ruiz called Ruiz's father as a witness. *Id*. at 8-13. Ruiz's father testified that Ruiz only got involved in the crime to provide money for his daughter and

provide for his father's health care. *Id*. Based on the above, this claim is not supported by the record.

### 2. Ruiz's claim that his counsel failed to argue that his sentence is substantively unreasonable is without merit.

If a sentencing judge exercises discretion to impose a sentence within a properly calculated guideline range, the court of appeals will infer that the judge has considered all the relevant sentencing factors. *United States v. Alonzo*, 435 F.3d 551, 553-54 (5th Cir. 2006).

Here, the Court sentenced Ruiz at the low end of the guidelines range. Criminal ECF Doc. 94 at 22. And the Court specifically stated that it imposed that sentence based on Ruiz's criminal history and history of previous methamphetamine trafficking. *Id*. at 20.

Based on the above, Ruiz's within-guideline sentence was not substantively unreasonable, and any objection by his counsel would have been frivolous.

## Conclusion

Ruiz's claims of ineffective assistance of counsel are without merit, and his motion should be denied.

        Respectfully submitted,

        Brit Featherston
        United States Attorney

        /s/ *Ernest Gonzalez*
        Ernest Gonzalez
        Assistant United States Attorney
        101 E. Park Blvd., Suite 500
        Plano, Texas 75074
        Telephone: (972) 509-1201
        Fax: (972) 509-1209
        Ernest.Gonzalez@usdoj.gov

## Certificate of Service

On the 7th day of March 2023, I certify that a true and correct copy of the government's response to the motion was mailed from Plano, Texas to: Anthony Rae Ruiz, pro se, #28863-078, FCI Three Rivers, P.O. Box 4200, Three Rivers, TX 78071.

        /s/ *Ernest Gonzalez*
        Ernest Gonzalez
        Assistant United States Attorney